UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY VIKEY OMAR PRICE,

    Petitioner,

v.                                                    Case No: 5:18-cv-23-WFJ-PRL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter comes before the Court on Petitioner Anthony Vikey Omar Price's motion brought pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 35. In March 2019, this Court denied Petitioner's 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. Dkt. 19. One year later, Petitioner filed a motion for miscellaneous relief, specifically seeking relief from judgment. Dkt. 31. Finding that motion to be a successive § 2255 petition brought without the requisite certificate of appealability from the Eleventh Circuit Court of Appeals,[1] the Court denied the motion for lack of jurisdiction in June 2020. Dkt. 34. In January 2022, Petitioner filed the present "[Rule] 60(b)(6) Motion based on a clear

---

[1] The Eleventh Circuit denied Petitioner's motion for a certificate of appealability and his subsequent motion for reconsideration. Dkts. 29 & 30.

error of law." Dkt. 35 at 1. Upon consideration, the Court denies Petitioner's motion.

As a preliminary matter, it is difficult to decipher what relief Petitioner seeks in his present motion. Though his motion is docketed as seeking reconsideration of his March 2020 motion for miscellaneous relief, *see* Dkt. 35, Petitioner expressly moves this Court to "reopen the proceedings under Section 2255," *id.* at 14. The Court ultimately construes Petitioner's filing to be a Rule 60(b) motion challenging the Court's March 2019 order denying Petitioner's § 2255 petition. However, to the extent that Petitioner's motion seeks reconsideration under Rule 59(e) of his March 2020 motion for miscellaneous relief, his motion is untimely. Motions for reconsideration must be filed within twenty-eight days of a Court's entry of judgment. Fed. R. Civ. P. 59(e). Plaintiff filed the present motion nearly nineteen months after the Court denied his motion for miscellaneous relief as a successive § 2255 petition.

Construing his motion as one brought under Rule 60(b), the Court notes that Petitioner must show "extraordinary circumstances" justifying the reopening of his § 2255 motion. *See Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014); *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Moreover, a Rule 60(b) motion may not raise a new claim for relief and may not attack the post-conviction court's prior resolution of a claim on the merits. *See Pease v. United States*, 768 F. App'x

2

974, 976 (11th Cir. 2019). The Supreme Court has summarized the application of Rule 60(b) in the habeas context as follows:

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6) . . . permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment," other than the more specific circumstances set out in Rules 60(b)(1)−(5).

*Gonzalez*, 545 U.S. at 528−29.

Here, Petitioner has failed to show extraordinary circumstances warranting the reopening of his § 2255 motion. Petitioner bases his Rule 60(b) Motion on a claim of ineffective assistance of post-conviction counsel concerning his § 2255 proceedings. Dkt. 35 at 2−3. In tracking the opinion of *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), word-for-word throughout his motion, Petitioner asserts that he was abandoned by post-conviction counsel during his § 2255 proceedings. *See, e.g.*, Dkt. 35 at 9. This claim is unavailing.

In *Ramirez*, the abandonment of the petitioner by his post-conviction counsel was deemed an extraordinary circumstance because he was not informed of the court's judgment on his § 2255 petition, and "[n]o one—not a court, not his lawyer—informed him about an alternative path to relief," leaving the petitioner "with only a jurisdiction-ally-out-of-time appeal." 799 F.3d at 851, 854. Such was not the case for Petitioner, who learned of this Court's denial of his § 2255 petition and timely filed a *pro se* notice of appeal. Dkt. 22. Accordingly, even if Petitioner

3

could be said to have been abandoned by post-conviction counsel, that abandonment did not amount to an extraordinary circumstance resulting in the loss of his ability to appeal the Court's judgment. *See* Ramirez, 799 F.3d at 854.

In any event, the Court finds that Petitioner's Rule 60(b) Motion is untimely. A motion brought pursuant to Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner filed this Rule 60(b) Motion nearly three years after the Court denied his initial § 2255 petition. Petitioner's Rule 60(b) Motion is therefore both meritless and untimely.

For these reasons, Petitioner's Rule 60(b) Motion, Dkt. 35, is **DENIED**. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on July 11, 2022.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*

4